# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WALLIS** | **CIVIL ACTION** |
| **versus** | **NO. 11-1615** |
| **ALVIN JONES, WARDEN** | **SECTION: "R" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Michael Wallis, is a state prisoner incarcerated at the Riverbend Detention Center, Lake Providence, Louisiana. On July 22, 2004, he pleaded guilty to two counts of armed robbery under Louisiana law. On that same date, he was sentenced on each count to a concurrent term of eighteen years imprisonment without benefit of probation, parole, or suspension of sentence.[1]

---

[1] State Rec., Vol. III of IV, transcript of July 22, 2004; State Rec., Vol. I of IV, minute entry dated July 22, 2004; State Rec., Vol. I of IV, guilty plea form.

Shortly thereafter, petitioner began seeking various transcripts and documents relating to his criminal proceeding. Ultimately, on February 25, 2005, the Louisiana Fourth Circuit Court of Appeal ordered that the district court provide him with a copy of his <u>Boykin</u> transcript but denied his requests for the remaining transcripts and documents.[2] The Court of Appeal subsequently entered additional orders regarding petitioner's requests for transcripts and documents on July 29, 2005,[3] May 26, 2006,[4] and June 19, 2008.[5]

In the interim, petitioner filed an application for post-conviction relief with the state district court on or about July 16, 2006.[6] Because the district court failed to rule on that application, he then filed a petition for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[7] On June 19, 2008, the Court of Appeal granted that petition and ordered the state district court to

---

[2] State v. Wallis, No. 2005-K-0068 (La. App. 4th Cir. Feb. 25, 2005); State Rec., Vol. II of IV.

[3] State v. Wallis, No. 2005-K-1020 (La. App. 4th Cir. July 29, 2005); State Rec., Vol. II of IV.

[4] State v. Wallis, No. 2006-K-0614 (La. App. 4th Cir. May 26, 2006); State Rec., Vol. II of IV.

[5] State v. Wallis, No. 2008-K-0700 (La. App. 4th Cir. June 19, 2008); State Rec., Vol. III of IV.

[6] State Rec., Vol. III of IV. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned from the state court record with respect to this post-conviction application. However, the application was dated July 2006, and, in his related petition for a writ of mandamus, petitioner stated that the post-conviction application had been filed "on or about July 16, 2006." State Rec., Vol. III of IV. For the purposes of this proceeding, the Court will accept that representation as true.

[7] State Rec., Vol. III of IV.

rule on the post-conviction application within sixty days.[8]  After numerous delays in the proceedings, the state district court finally denied post-conviction relief on February 22, 2010.[9] Petitioner's related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on September 2, 2010,[10] and by the Louisiana Supreme Court on April 1, 2011.[11]

On July 5, 2011, petitioner filed the instant federal application for *habeas corpus* relief claiming that his guilty pleas were involuntary and that he received ineffective assistance of counsel.[12]  The state argues that the application is untimely.[13]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[14]

As noted, on July 22, 2004, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence

---

[8] State v. Wallis, No. 2008-K-0700 (La. App. 4th Cir. June 19, 2008); State Rec., Vol. III of IV.

[9] State Rec., Vol. I of IV, Docket Master.

[10] State v. Wallis, No. 2010-K-0453 (La. App. 4th Cir. Sept. 2, 2010); State Rec., Vol. III of IV.

[11] State v. Wallis, 60 So.3d 1247 (La. 2011) (No. 2010-KP-2230); State Rec., Vol. IV of IV.

[12] Rec. Doc. 1.

[13] Rec. Doc. 9.

[14] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

became final no later than August 23, 2004.[15] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state criminal judgment commenced on that date and expired one year later on August 23, 2005, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding that statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's only filings in state court during the federal limitations period of August 23, 2004, through August 23, 2005, were his applications seeking transcripts and documents. However, it is clear that such applications seeking transcripts and documents cannot fairly be considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383,

---

[15] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914. Because the thirtieth day here fell on a Saturday, the period was extended through the following Monday, August 23, 2004. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

The Court notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976). In this case, the Court need not decide whether petitioner had a right to appeal his convictions or sentences pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his convictions were final upon his pleas (July 22, 2004) or upon the expiration of his period for filing a motion to appeal (August 23, 2004).

at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Therefore, petitioner is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[16]

However, that does not end this Court's inquiry, because the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 23, 2005, in order to be

---

[16] The Court notes that petitioner subsequently filed a state post-conviction application on or about July 16, 2006. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008)

timely. His federal application was not filed until July 5, 2011,[17] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petitions for federal *habeas corpus* relief filed by Michael Wallis be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this fourth day of November, 2011.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his application on July 5, 2011; therefore, that is the earliest date it could have been given to prison officials for mailing.

[18] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.