UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL WALLIS                                   CIVIL ACTION

VERSUS                                            NO: 11-1615

ALVIN JONES, WARDEN                               SECTION: R(3)

**ORDER AND REASONS**

Before the Court is Michael Wallis's Petition for a Writ of Habeas Corpus.[1] The Court, having reviewed *de novo* the petition, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

In his objection to the Magistrate's Report, Wallis argues that "his federal application for Habeas Corpus Relief did not have to be filed on or before August 23, 2005, in order to be timely"[2] because he is entitled to equitable tolling during the time he requested and awaited transcripts and other documents related to his criminal trial. On February 25, 2005, in response to Wallis's request for various transcripts and documents, the Louisiana Fourth Circuit Court of Appeal ordered the district court to provide him with a copy of his *Boykin* transcript. The Court of Appeal entered additional orders regarding petitioner's

---

[1] R. Doc. 1.

[2] R. Doc. 11 at 2.

requests for transcripts and documents on July 29, 2005, May 26, 2006 and June 19, 2008.

Filing a request for transcripts "does not constitute 'collateral review with respect to the pertinent judgment'" and therefore does not toll the statutory limitations period. *Torns v. Mississippi*, 54 Fed. Appx. 592, 2002 WL 31730353, at *1 (5th Cir. Nov. 22, 2002) (quoting *Moore v. Cain*, 298 F.3d 361, 2002 WL 1480896, at *4-6 (5th Cir. Jul. 11, 2002). Nor is Wallis entitled to equitable tolling for the period he awaited trial transcripts. The AEDPA's statute of limitations can be equitably tolled in "rare and exceptional circumstances" and "when strict application of the statute of limitations would be inequitable." *Prieto v. Quarterman*, 456 F.3d 511, 512 (5th Cir. 2006) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). To be entitled to equitable tolling, a petitioner must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted). A petitioner bears the burden of establishing entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Here, Wallis has not met that burden. He has not demonstrated that he was pursuing his rights diligently or that an extraordinary circumstance stood in his way. Further, Wallis has not presented

"evidence that the *Boykin* transcript was necessary to *filing* any post-conviction proceedings." *Gonzalez v. Wilkinson*, 269 Fed. Appx. 481, 2008 WL 686599, at *4 (5th Cir. Mar. 12, 2008)(holding that the petitioner was not entitled to equitable tolling for the time he awaited his *Boykin* transcript).

Further, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of

3

reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Wallis did not file his federal habeas petition until after the limitations period had expired. Under the AEDPA, a petitioner is generally required to bring his federal habeas claim within one year of the date on which his underlying criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment is considered final when the period for seeking direct review expires. *Id.* Wallis pleaded guilty and was sentenced on July 22, 2004. Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence became final on August 23, 2004. LA. CODE. CRIM. PROC. ANN. 914; *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985)("conviction and sentence bec[o]me final when the defendant fail[s] to appeal timely."). Accordingly, Wallis's period for filing a federal habeas petition expired on August 23, 2005. Wallis has not demonstrated that he was entitled to equitable tolling of that period, and he did not file for state or federal post-conviction relief until after that date. His federal habeas petition, filed

on July 5, 2011, is therefore untimely.  Jurists of reason would not find controversy in this determination.

Accordingly, Michael Wallis's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a certificate of appealability.


New Orleans, Louisiana, this __8th__ day of December, 2011.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE